UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

UNITED STATES OF AMERICA

    - v. -

RAFAT AMIROV,
  a/k/a "Farkhaddin Mirzoev,"
  a/k/a "Рим,"
  a/k/a "Rome,"
POLAD OMAROV,
  a/k/a "Araz Aliyev,"
  a/k/a "Novruz Novruzzade,"
  a/k/a "Polad Qaqa,"
  a/k/a "Haci Qaqa,"
KHALID MEHDIYEV, and
ZIALAT MAMEDOV,
  a/k/a "Ziko,"
  a/k/a "Ruslan Novruzzade,"

           Defendants.

[~~PROPOSED~~] *un* SUPPLEMENTAL PROTECTIVE ORDER

S5 22 Cr. 438 (CM)

------------------------------------------------------------ x

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Supplemental Order.** This Supplemental Order supplements and does not supersede the terms of the Protective Orders entered on September 16, 2022 (Dkt. Entry No. 12) and February 23, 2023 (Dkt. Entry No. 32) (the "Protective Orders"), the terms of which continue in full force and effect.

2. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his

counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. AEO Material received by defense counsel shall be maintained on an attorney's-eyes-only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible *i.e.*, personnel supervised by or retained by counsel, as needed for purposes of defending this action.

4. This Order does not prevent the disclosure of any AEO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

5. The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

6. The defense shall provide a copy of this Supplemental Order and the Protective Orders to prospective witnesses and persons retained by counsel to whom the defense has disclosed AEO Material in compliance with the terms of this Supplemental Order and the Protective Orders. All such persons shall be subject to the terms of this Supplemental Order and the Protective Orders.

Defense counsel shall maintain a record of what information has been disclosed to which such persons.

7. Except for AEO Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all AEO Material, including any ESI, when the case becomes final, as defined for purposes of bringing an action under 28 U.S.C. § 2255. If AEO Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

[CONTINUED OF FOLLOWING PAGE]

8. The provisions of this Supplemental Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Supplemental Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *Jacob Gutwillig*  Date: 9/7/23
Michael D. Lockard
Matthew J.C. Hellman
Jacob H. Gutwillig
Assistant United States Attorneys

_____  Date: _____
Michael Martin, Esq.
Counsel for Rafat Amirov

_____  Date: _____
Stephanie Carvlin, Esq.
Counsel for Khalid Mehdiyev

SO ORDERED:

Dated: New York, New York
       September 7, 2023

_____
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

8. The provisions of this Supplemental Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Supplemental Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____
    Michael D. Lockard
    Matthew J.C. Hellman
    Jacob H. Gutwillig
    Assistant United States Attorneys

*/s/ Michael Martin*          Date: 9/6/2023
Michael Martin, Esq.
Counsel for Rafat Amirov


_____          Date: _____
Stephanie Carvlin, Esq.
Counsel for Khalid Mehdiyev


SO ORDERED:

Dated: New York, New York
      August __, 2023
      Sept 7

_____
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

4

8. The provisions of this Supplemental Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Supplemental Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____  Date: _____
    Michael D. Lockard
    Matthew J.C. Hellman
    Jacob H. Gutwillig
    Assistant United States Attorneys

_____  Date: _____
Michael Martin, Esq.
Counsel for Rafat Amirov

_____  Date: 8/21/2023
Stephanie Carvlin, Esq.
Counsel for Khalid Mehdiyev

SO ORDERED:

Dated: New York, New York
    August __, 2023
    Sept 7

_____
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

4