LINCOLN SQUARE LEGAL SERVICES, INC.  Fordham University School of Law | Tel 212-636-6934
150 West 62nd Street, Ninth Floor | Fax 212-636-6923
New York, NY 10023

February 7, 2025

**By Email & Electronic Filing**
The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   **United States v. Rafat Amirov**
      **S8 22 Cr. 438 (CM)**

      **Defendant's Motion In Limine to Exclude Evidence Concerning Any Prior
      or Subsequent Iranian Government Plot or Scheme to Target Political Dissidents,
      Including Ms. Alinejad**

Dear Judge McMahon:

      We represent Mr. Rafat Amirov and write to respectfully request, pursuant to Federal Rules of Evidence 401, 402, and 403, an Order precluding the government from introducing evidence about any prior or subsequent Iranian Government plots or schemes against Ms. Alinejad ("Iranian plots") and any reference to the Government of Iran's general campaign against political dissidents ("Iran's campaigns"). This evidence would be irrelevant, confuse jurors, substantially prejudice Mr. Amirov in the eyes of the jury, and prove needlessly cumulative.

## BACKGROUND

      On October 17, 2024, the government filed superseding indictment eight ("S8"), stating that the Government of Iran and the Islamic Revolutionary Guard Corps ("IRGC") has targeted its critics, calling specific attention to prior Iranian government efforts to harm Ms. Alinejad. *See* Exhibit 1 at ¶ 2. S8 discusses the underlying facts of *United States v. Farahani,* in which four Iranian intelligence operatives were charged with plotting to kidnap Ms. Alinejad. *See United States v. Farahani*, et al., 21 Cr. 430 (RA) (S.D.N.Y.).

      The government has also served notice that it plans to call Dr. Matthew Levitt as an expert witness to testify about the Government of Iran and the IRGC, including its history and origins, its operations and methods, and other acts of violence in Iran's campaigns against political dissidents. *See* Exhibit 2 at 3. The government also intends for Mr. Levitt to testify that "[i]n July 2021, the GOI [Government of Iran] directed a plot, including the use of surveillance and a private investigator in the United States, to surveil and, ultimately, kidnap and rendition to Iran Ms. Alinejad from her home in New York City." *Id.* Given that the government takes the position that such broad evidence is admissible, it may also offer testimony from other witnesses about the

1

Iranian plots and Iran's campaigns or foreshadow such matters in its opening statement. Mr. Amirov respectfully requests an Order precluding the government from offering such evidence.

## ARGUMENT

### I. Evidence Pertaining to Iranian Plots and Iran's Campaigns, and Related Matters, Will Not Help the Jury Understand the Evidence or Determine a Fact in Issue

Discussion of Iranian plots and Iran's campaigns, and related matters, is irrelevant and inadmissible. *See* Fed. R. Evid. 401–402.

To be relevant under 401, evidence must have "any tendency to make a [material] fact more or less probable than it would without the evidence." Fed. R. Evid. 401; *see also United States v. Certified Env't Servs., Inc.*, 753 F.3d 72, 90 (2d Cir. 2014). At trial, the government is required to prove an alleged murder for hire plot planned by two non-Iranian, non-IRCG co-defendants. Mention of prior, or subsequent Iranian Plots or Iran's campaign does not make any material facts at issue more or less probable, as such information does not go to prove any elements of the offenses charged and constitutes improper background.

In the Second Circuit, evidence of "other acts" in a conspiracy case are "admissible as background information[,] to demonstrate the existence of a relationship of mutual trust, or to 'enable the jury to understand how the illegal relationship *between the co-conspirators* developed.'" *United States v. Crumble*, No. 18-CR-32, 2018 U.S. Dist. LEXIS 73410, *10 (E.D.N.Y May 1, 2018) (quoting *United States v. Guang*, 511 F.3d 110, 121 (2d Cir. 2007)) (emphasis added). In other words, to be relevant, background evidence of other acts must help demonstrate or explain the relationship between the co-conspirators.

The perpetrators of the Iranian plots and Iran's campaign against dissidents were Iranian intelligence officials and, in the case of *Farahani*, officials working for the IRGC. There is no evidence that either Mr. Amirov or Mr. Omarov were connected to any prior or subsequent Iranian plots, or that Mr. Amirov and Mr. Omarov developed a relationship through these plots. That evidence is not relevant as background evidence for the conspiracy that the government must prove here.

Instead, Mr. Amirov is alleged to have played a role only in the charged 2022 plot. Evidence of prior and subsequent Iranian plots do not "complete the story of [the alleged 2022 plot] on trial by proving its immediate context of happenings near in time and place." *See United States v. O'Connor*, 580 F.2d 38, 41 (2d Cir. 1978) (quoting McCormick, Evidence § 190, at 448 (2d ed. 1972)). There are no allegations that any co-defendants standing trial have been involved in these distinct conspiracies. Moreover, the Iranian Plots are not probative of the "existence of a specific plan of which the charged acts were just a part." *Id.* at 42.

Even if reference to the Iranian plots or Iran's campaign were offered to show the intent of Iranian officials in targeting the victim, such evidence would say nothing about the defendant's intent, which is at issue in this trial. As such, inclusion of this evidence does not make any material fact in issue more probable and should be excluded.

2

## II. Evidence of the Iranian Plots or Iran's Campaigns Will Confuse the Jury

Should the Court deem the Iranian plots or mention of Iran's campaigns to be relevant, the evidence must still be excluded under Rule 403 because it would create references that "unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006); *see also* Fed. R. Evid. 403.

Evidence may be excluded under Rule 403 for confusing the issues if it "introduce[s] extraneous complex evidentiary issues into the case." *United States v. Reinhardt*, 347 F.Supp. 2d 222, 224 (D. Md. 2004). Such prejudicial confusion "may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *Quattrone*, 441 F.3d at 186 (quoting *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980)).

In *Bermudez v. City of New York*, the court excluded evidence of prior misconduct because evidence of police misconduct in general "risks confusion and prejudice under Rule 403" because it could "lead[] the jury to find that *these defendants* acted in conformity with the alleged misconduct" of others. No. 15-CV-3240, 2019 U.S. Dist. LEXIS 3442, *28 (E.D.N.Y., Jan. 8, 2019); *see also Bryant v. City of Hartford*, 585 F.Supp. 3d 179, 186 (D. Conn. 2022) (excluding evidence of other social movements and misconduct not the subject the claims in issue).

The concern expressed by the court in *Bermudez* applies here. This evidence, in the trial of two non-Iranian, non-IRGC defendants, would invite jury confusion and the improper finding that Mr. Amirov and Mr. Omarov acted in conformity with prior, notorious IRGC plots and suggests an ideological element that has no place in this trial.

The government would be using guilt by an unsupported association to convict Mr. Amirov. Thus, presentation of evidence about the Iranian plots and Iran's campaigns will confuse and unduly prejudice jurors, creating a risk that the jury would convict on improper grounds because of an assumption that Mr. Amirov has a connection to prior events, despite the lack of evidence of any connection.

## III. Evidence of the Iranian Plots or Iran's Campaigns Will Substantially Prejudice the Defendant

Any probative value from evidence about the Iranian plots or Iran's campaigns against political dissidents is substantially outweighed by the unfair prejudice to Mr. Amirov. *See* Fed. R. Evid. 403.

Given the longstanding enmity between the two nations, the current state of American-Iranian relations, and the infamy of the IRGC, jurors could not help but have strong, visceral, and emotional responses to testimony about the Iranian plots or Iran's campaigns more generally. It is a matter of public record that the IRGC, "has a long history of supporting anti-American terrorism" on behalf of Iran—a "State Sponsor of Terrorism." *Zobay v. MTN Grp. Ltd.*, 695 F.Supp. 3d 301, 315 (E.D.N.Y. 2023). Approximately eighty percent of Americans view Iran

unfavorably. *See Iran*, Gallup, https://news.gallup.com/poll/116236/iran.aspx (last visited Feb. 7, 2025).

Admitting this evidence will make it impossible for Mr. Amirov to be tried exclusively on evidence relating to his conduct. Mr. Amirov is not alleged to be a member of the IRGC. Evidence about Iranian plots or Iran's campaigns would inevitably lead jurors to speculate on some connection between him and America's chief geopolitical antagonist. *See In re Islamic Republic of Iran Terrorism Litig.*, 659 F.Supp. 2d 31, 56, 49–54 (D.D.C. 2009) (discussing the antagonistic relationship between the United States and Iran). It will lead jurors to view him in an unduly prejudicial light and paint him as an enemy of our nation. If he is convicted, that conviction will be based on the jury's speculations and assumptions about his character rather than rational evaluation of the evidence relevant to the crimes charged in the indictment.

### IV. Any Mention of the Iranian Plots or Iran's Campaigns Should Be Severely Restricted if Permitted by the Court

If the Court allows evidence of the Iranian plots or Iran's campaigns, its admission should be strictly limited. While the government is permitted to elicit testimony from Ms. Alinejad's advocacy provoked a critical response from Iranian officials, anything beyond this amounts to needlessly cumulative evidence. *See* Fed. R. Evid. 403.

Testimony may be excluded as cumulative under Rule 403 if other witnesses have already established the fact, especially when other witnesses lack personal knowledge. *United States v. Gupta*, 747 F.3d 111, 131–33 (2d Cir. 2014). Ms. Alinejad's testimony regarding the threats she received from the Government of Iran in response to her advocacy against the regime will demonstrate that she was targeted as a political dissident. Because this testimony establishes that fact from her first-hand knowledge, any further witness statements on the same point would serve only to bolster an already proven claim rather than introduce new evidence. *United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983) (explaining "evidence is cumulative when it replicates other admitted evidence").

For all these reasons, and for such other reasons as the Court may determine, Mr. Amirov respectfully requests an Order precluding the evidence discussed above or such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/
Michael W. Martin
Lincoln Square Legal Services, Inc.
*Attorney for Mr. Rafat Amirov*

*On the submission*
Michlyne Bellas
Matthew Gawley

4

Megan Gmelich
Ryan Miller
Taylor Veracka
Amy Walker
*Legal Interns*

Enclosures:
Exhibit 1 – S8 Indictment
Exhibit 2 – Expert Notice for Dr. Matthew Levitt