UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

-against-                                    S8 22 Cr. 438 (CM)

RAFAT AMIROV and POLAD OMAROV,

Defendant.

------------------------------------------------------------x

DECISION AND ORDER ON THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE THE DEFENDANTS FROM CALLING THEIR COMPUTER EXPERTS

McMahon, J.:

The court, for its decision on so much of the Government's motion *in limine* as seeks to preclude Defendants from calling expert witnesses Clark C. Walton and Edgar Fritz:

On January 24, 2025, Amirov provided notice of his intent to call two witnesses to provide expert testimony: Clark C. Walton, Managing Director of a cybersecurity and digital forensics company in North Carolina, and Edgar Fritz, a digital forensic examiner at that company. Dkt. 104-1, Amirov's notice pursuant to Rule 16(b)(1)(C) ("Amirov Expert Notice"). The Amirov Expert Notice does not identify any opinions that Mr. Walton or Mr. Fritz will offer, as required by the Rule. Rather, the notice describes topics about which they will testify, without identifying what the proposed experts will say about those topics.

Specifically, the notice provides that Mr. Walton is expected to testify about the following:

- his network and mobile telecommunications forensics analyses pertaining to access by others to the iPhone, iCloud account, and WhatsApp account allegedly belonging to the Defendant;

- the functionality and security of iPhone devices, iCloud accounts, and WhatsApp accounts, including WhatsApp Business accounts; and

- the functionality and security of virtual private network (VPN) services for purpose of identifying sources and recipients of communications.

*Id.* at 2. This testimony will "will be based on, including but not limited to, his review of the discovery evidence provided, his technical expertise and experience in network and mobile telecommunications forensics, and any additional evidence presented by the government at trial." *Id.*

The Amirov Expert Notice provides that Mr. Walton will also testify about "his understanding of the current leading cyber intelligence and counterintelligence capabilities, practices, and programs of those with active, sophisticated cyber intelligence and counterintelligence programs," which will be based on "regular monitoring of technical and press reports, as a network and mobile telecommunications forensics expert would ordinarily rely on, to understand current events, developments, and trends in the industry." *Id.*

The Amirov Expert Notice provides that Mr. Fritz will testify about:

- his mobile telecommunications forensics analyses pertaining to access by others to the iPhone, iCloud account, and WhatsApp account allegedly belonging to the Defendant;

- the functionality and security of iPhone devices, iCloud accounts, and WhatsApp accounts;

- issues concerning the technical nature of WhatsApp Business Accounts, including differences between WhatsApp Business Accounts and regular personal accounts.

Ex. A at 3. Mr. Fritz's testimony will be based on ("but not limited to") "his review of the discovery evidence provided, his technical expertise and experience in mobile telecommunications forensics, and any additional evidence presented by the government at trial." *Id.*

The Government represents that after receiving Amirov's expert notice, it advised counsel for Amirov that the notice did not identify the proposed experts' opinions or the bases for any such opinions and asked whether Amirov intended to supplement the disclosure. Counsel

reportedly responded to the Government saying that Amirov intends to call the experts "in rebuttal," citing *United States v. Bankman- Fried*, No. S6 22-CR-0673 (LAK), 2023 WL 6162865 at *1 (S.D.N.Y. Sept. 21, 2023), and did not intend to provide supplemental disclosures.

*Relevant Law*

Federal Rule of Evidence 702 provides that expert testimony that "assists the trier of fact to understand the evidence or to determine a fact in issue," may be admitted if "the testimony is based on sufficient facts or data," and "is the product of reliable principles and methods" that have been reliably applied "to the facts of the case."

The party proffering the expert's opinions "has the burden to establish the [Rule 702] admissibility requirements, with the district court acting as a 'gatekeeper' to ensure that the expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *In re Pfizer Inc. Secs. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016) (cleaned up). In particular, as the Second Circuit has noted, "[u]nder Rules 701 and 702 [of the Federal Rules of Evidence], opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence that wastes time." *Hygh*, 961 F.2d at 363 (internal quotation omitted).

In fulfilling this gatekeeping role, the Court should first determine whether the proffered expert testimony is relevant: whether it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Next, the court must determine "whether the proffered testimony has a sufficiently 'reliable foundation' to permit it to be considered." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). In this inquiry, the district court should consider the indicia of reliability identified in Rule 702, namely, "(1) that

the testimony is grounded on sufficient facts or data; (2) that the testimony is the product of reliable principles and methods; and (3) that the witness has applied the principles and methods reliably to the facts of the case." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) Expert testimony should be excluded if it is "speculative or conjectural" or is "conclusory." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). The testimony must also "fit" the facts of the case at issue. *See, e.g., LVL Brands, Inc. v. Louis Vuitton Malletier S.A.*, 209 F. Supp. 3d 612, 641-42 (S.D.N.Y. 2016) (Noting that "the testimony must be both reliable *and* relevant in that it 'fits' the facts of the case" and finding proposed expert testimony "fails the *Daubert* 'fit' requirement.") (emphasis in original).

Rule 16(b)(1)(C) requires the defendant to disclose, for any expert testimony the defendant intends to elicit in the defendant's case-in-chief, "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for them," among other things. *See, e.g., United States v. Weiner*, No. 22 CR. 19 (PGG), 2024 WL 82729, at *6 (S.D.N.Y. Jan. 8, 2024) (rejecting as deficient defense's expert disclosures where they did not adequately disclose the "bases and reasons" for the conclusions set forth therein).

*Amirov's Expert Notice Does Not Meet the Requirements of Rule 16*

The Amirov Expert Notice does not provide any statement of the "opinions the defendant will elicit from the witness in the defendant's case in chief" for either of Walton or Fritz. Accordingly, the disclosure does not indicate, and the Court cannot evaluate, the "principles and methods" that the proposed experts used to reach any of those opinions, or how they "applied those principles and methods . . . to the facts of the case." *Amorgianos*, 303 F.3d at 265. The Court cannot evaluate whether "the testimony is grounded on sufficient facts or data," the

testimony "is the product of reliable principles and methods," or "the witness has applied the principles and methods reliably to the facts." *Id.* Listing the subjects on which a witness might testify does not qualify as providing a Rule 16-compliant expert report. That means the expert testimony can be precluded. *United States v. Sanders*, S1 12 Cr. 574 (LAK), 2013 WL 1421487, at *1-2 (S.D.N.Y. Mar. 27, 2013)). This Court need not, and will not, adopt the practice that my colleague pioneered in the Bankman Fried case. *See United States v. Delva*, 12 Cr. 802 (KBF), 2014 WL 4460360, at *6 (S.D.N.Y. Sep. 9, 2014) ("Courts have precluded expert testimony disclosed too close to trial to allow a party properly to prepare, or when disclosures made are inadequate.") (collecting cases); *United States v. Wilson*, 493 F. Supp. 2d 484, 487-88 (E.D.N.Y. 2006) (precluding proposed defense expert for lack of adequate notice).

Amirov's suggestion that Mr. Walton and Mr. Clark need not disclose their opinions, analyses, and methodologies, because they are testifying "in rebuttal" does not hold water. The Government represents that it has provided ample discovery about the phones, cloud accounts, and WhatsApp accounts at issue, including search warrant results, subpoena results, and pen register data; as well as search warrant affidavits and other materials describing that data. The notice indicates that both Mr. Walton and Mr. Clark already have performed analyses of the evidence relating to "the iPhone, iCloud account, and WhatsApp account" used by Amirov and alleged access by individuals other than Amirov. The notice states generally that the opinions of Mr. Walton and Mr. Fritz may also be based on "any additional evidence presented by the government at trial," but there is no reason why the defendant's proposed experts should not provide their opinions and analyses based on the evidence they have already reviewed. They could certainly have couched reports as hypotheticals: "If the Government calls witnesses to testify to X, I will rebut that testimony by opining Y."

To the extent Judge Kaplan's decision in *Bankman-Fried* is to the contrary (and it really is not to the contrary), it is not persuasive to this Court. In *Bankman-Fried*, the court granted the Government's motion to preclude proposed testimony by several proposed defense experts, because the expert disclosures for those witnesses were inadequate and did not comply with Rule 16, among other reasons.[1] 2023 WL 6162865, at *1-3. However, Judge Kaplan provided the defense an opportunity to provide a disclosure for some of the proposed experts for the limited purposes of "respond[ing] to a government witness" at least three days prior to the date of the proposed testimony.[2]

Though no one has greater admiration for Judge Kaplan than I do, I do not understand it to be within his writ to amend the Federal Rule of Criminal Procedure, or to provide special procedures for the provision of expert reports from a criminal defendant that are contrary to Rule 16. Nor do I understand him to have done so. The rule is the rule. It says what it says. And what it says is that a defendant must "disclose in writing the information required by [Rule 16(a)(1)(G)(iii)] for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703 or 705 during the defendant's case in chief at trial, if….the defendant has given notice…of an intent to present expert testimony…" Fed. R. Crim. P. 16(b)(1)(C)(i). It appears that the defense has given such notice in this case, so disclosure must be made. The rule further provides that disclosure of the defendant's expert's opinions must be made, not during the trial, but "sufficiently before trial to provide a fair opportunity for the government to meet

---

[1] In Bankman-Fried, the expert disclosures, like the ones in our case, listed possible topics for testimony, shorn of any opinions on those subjects. Judge Kaplan not only concluded that this was insufficient; he concluded that the topics listed were not relevant. I have no idea, based on what I have been told, whether there is any argument that the topics listed in the Amirov Expert Disclosure are irrelevant, and I express no opinion on that score.

[2] Ultimately, the defense called only one of the proposed expert witnesses after identifying specific witness testimony to which the opinion testimony would respond. *United States v. Bankman-Fried*, No. 22 Cr. 674 (LAK), Dkt. 328 (S.D.N.Y. Oct. 23, 2023).

the defendant's evidence" Fed. R. Crim. P 16(b)(C)(ii) – presumably, if it wishes to do so, in its case in chief. This also allows the court to deal with *Daubert* issues in advance of trial.

A defendant cannot wiggle out of this requirement by asserting that it would only offer its expert evidence "in rebuttal" if certain proof comes in on the Government's case. Much of the evidence offered in a defendant's "case in chief" (which is often the only case a defendant makes) is designed to "rebut" evidence offered by the Government on its case in chief (or, as Judge Kaplan put it, to "respond to a government witness"). Reading an exception for "rebuttal" evidence into Rule 16's requirement that defense experts disclose their opinions in advance of trial would quite literally swallow the rule.

Now of course, if the defendants here were suggesting that they have computer experts whom they might have to call if the Government offered computer-related evidence *on any Government rebuttal case* (rather than during the Government's case in chief), then they might have an argument that Rule 16 does require disclosure of that expert's opinions in advance of the trial. But that is not what defendants are trying to do. By calling their proposed expert testimony "rebuttal" evidence, they are trying to reserve the right to call an expert to testify about undisclosed opinions during any case they might choose to present once the Government rests on its case in chief – which is to say, their case in chief. They are not limiting themselves to calling their computer experts in the event that the Government offers a rebuttal case after defendants rest on their case in chief.

Rule 16 is perfectly clear that, in this circumstance, the defense expert's opinion must be proffered in advance of the trial. Any suggestion that there is a different rule for testimony that is offered to "rebut" the testimony of a witness called on the Government's case in chief finds no support in the text of the rule. Moreover, this court has neither the desire nor the

inclination to start deciding *Daubert* motions in the middle of what is turning out to be a ridiculously complicated trial.

So I reject the defendants' reading of the "rule" of *Bankman-Fried* (which I do not understand to be any sort of rule at all, since the very same judge who decided *Bankman-Fried* has precluded a defense expert from testifying where initial disclosure was inadequate and aggregate disclosure was untimely, *see, United States v. Sanders*, S1 12 Cr. 574 (LAK), 2013 WL 1421487, at *1-2 (S.D.N.Y. Mar. 27, 2013)). This Court need not, and will not, adopt in this case the practice that my colleague pioneered in the *Bankman-Fried* case.

But Rule 16 also requires the court to set a date by which the defense must tender its expert report. Fed. R. Crim. P. 16(b)(1)(C)(ii). I did not set such a date. Indeed, I did not learn that defendants had provide disclosure of their intent to call an expert until this week, when I went to work on these motions *in limine*. Until then, no party suggested that the defendants might call an expert, so I was unaware of the need to set a date for the provision of a defense expert report. And I do not have a default date for the provision of such a report in my local rules. My bad. That will be remedied. Meanwhile, I too need to comply with the rule in this case.

I thus require defendants to provide a written report detailing the opinions of the experts whose identities they have disclosed by 10 AM on Tuesday, March 4, 2025, when we are to gather for our final pre-trial conference. I gravely doubt that defense counsel are in the dark about what those opinions are; the Amirov Expert Notice makes clear that Amirov's proposed expert witnesses can, and already have, analyzed the relevant device and cloud account data and have formed opinions about potential third-party access to those devices and accounts. So I do not imagine it will take very long to prepare Rule-compliant reports summarizing those opinions

for the witnesses' signature.

Defendants' failure to provide the Government with the required reports by the date and time set by the court will mean the defendants are precluded from calling their experts on whatever case they present in response to the Government's case in chief (which case is normally known as the defendants' case in chief). If the Government chooses to challenge the defense experts' qualifications, we will hold a hearing on Friday, March 7, at 10 AM, so we can deal with the matter in advance of trial.

The rest of the motions *in limine* will be decided in an opinion that I hope will be docketed tomorrow, February 28, 2025.

Dated: February 27, 2025

_____
United States District Judge