UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────── x

UNITED STATES OF AMERICA,

    -against-                                              S8 22 Cr. 438 (CM)

RAFAT AMIROV and POLAD OMAROV,

              Defendant.
─────────────────────────────── x

**ORDER**

McMahon, J.:

    I have the Government's letter of even date.

    Given the Government's consistent position throughout this litigation that the Rule of Specialty prevented Counts Four and Five from being tried as to Omarov in the absence of a waiver from the Czech Republic, I find a one-page, single-spaced letter, which says nothing more than (in the words of the immortal Emily Litella) "never mind," to be entirely inadequate. Why is the Government not sharing with me (and with Mr. Patel and Ms. Fast) the "guidance" it has received that caused it to change its mind at the eleventh hour? No one has offered ME any "guidance" – I simply have a flat assertion from the Government, offered with absolutely no support.

    And why has it taken the Government so long to address this issue? Why am I hearing about this on the eve of trial – why am I getting the Government's letter AFTER I have all but finished drafting an extensive decision on pending motions *in limine*, as to which the Government agreed with the defense on the Rule of Specialty issue? It is not like we have not known about this problem for many months; I began every conference by asking if we had heard from the Czech Republic, and the Government never once suggested that we did not need to.

1

The USAO is ordered to explain (1) when it first began to explore the possibility of backtracking from its previous position that Omarov could not be tried on Counts 4 and 5; (2) how long discussions have been going on on this topic; and (3) why no one looked deeply into this issue at a much earlier time? It is also ordered to explain why this court was not IMMEDIATELY notified that the Government was in discussion about the possibility that it would change its position on this issue. It seems quite clear, given the contents of the Government's letter of even date, that this issue did not surface for the first time the night before our emergency conference on February 26, when the Government first said this was a possibility. I realize that the judge is always the last to know – that has long been my motto – but this is unconscionable.

I am aware of the Second Circuit rule that a defendant lacks standing to invoke the Rule of Specialty. All that means is that Omarov cannot obtain dismissal of these counts on that basis. However, I will not simply "cave" to the Government's new position about the scope of the upcoming trial on the basis of this totally inadequate letter. I need some "guidance." And I will allow Mr. Patel and Ms. Fast to respond to it.

February 28, 2025

*[signature]*

Colleen McMahon